UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LIDCO IMPERIAL VALLEY, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 11cv1258-BTM (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING ADEQUACY OF DISCLOSURE OF PLAINTIFF'S SERVICE LEVEL AGREEMENTS<br><br>[ECF NO. 39] |

　　　　Before the Court is joint motion of the parties for determination of a discovery dispute regarding the adequacy of Plaintiff's disclosures of service level agreements ("SLAs") with Plaintiff's customers affected by the slicing of Plaintiff's telecommunications cable by Defendant. (ECF No. 39).

　　　　In its Request for Production ("RFP") No. 5, Defendant sought from Plaintiff a copy of all SLAs with Plaintiff's customers which were served by the disrupted cable as to reliability of the network, common practices in expected outages, redundant cable capacity or protected service levels. (ECF No. 39-1 at 1-2). Plaintiff objected on grounds of overbreadth, burden and relevance. Plaintiff did agree, however, to produce copies of SLAs for the 39 customers whose service was completely disrupted by the slicing of the cable. Defendant claims that Plaintiff failed to deliver the SLAs for 8 of the 39 customers and complains that the SLAs produced were deficient in

1  failing to include the service level and pricing for each customer. Defendant claims
2  that this information is relevant to Plaintiff's damage claims and Defendant's
3  defenses.  Plaintiff asserts that its damage claim is based solely on a theory of loss of
4  use, not loss of revenue or profit, making this level of discovery irrelevant and unduly
5  burdensome.
6       For the reasons expressed below, the Court finds that no further response is
7  required by Plaintiff.

## Legal Standard

9       The Federal Rules of Civil Procedure generally allow for broad discovery,
10 authorizing parties to obtain discovery regarding "any nonprivileged matter that is
11 relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good
12 cause, the court may order discovery of any matter relevant to the subject matter
13 involved in the action." *Id*.  Relevant information for discovery purposes includes any
14 information "reasonably calculated to lead to the discovery of admissible evidence,"
15 and need not be admissible at trial to be discoverable.  *Id*.  There is no requirement
16 that the information sought directly relate to a particular issue in the case.  Rather,
17 relevance encompasses any matter that "bears on" or could reasonably lead to matter
18 that could bear on, any issue that is or may be presented in the case. *Oppenheimer*
19 *Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).  District courts have broad discretion
20 to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732,
21 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery
22 where the discovery sought is "unreasonably cumulative or duplicative, or can be
23 obtained from some other source that is more convenient, less burdensome, or less
24 expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the
25 burden or expense outweighs the likely benefits.  *Id*.
26      A party may request the production of any document within the scope of Rule
27 26(b). Fed. R. Civ. P. 34(a).  "For each item or category, the response must either
28 state that inspection and related activities will be permitted as requested or state an

1 objection to the request, including the reasons." *Id*. at 34(b). The responding party is
2 responsible for all items in "the responding party's possession, custody, or control."
3 *Id*. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a]
4 party may be ordered to produce a document in the possession of a non-party entity if
5 that party has a legal right to obtain the document or has control over the entity who
6 is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620
7 (N.D.Cal.1995).

## Analysis

9   By its terms, RFP No. 5 does not require the disclosure of the services ordered
10 by customers or the pricing of those services. It only requires the production from
11 relevant SLAs of statements in those SLAs regarding network reliability and
12 redundancy, procedures regarding outages, and whether a customer has "protected"
13 service. Other services provided to customers and pricing information for the services
14 ordered is not required by the RFP.

15   While that is a sufficient basis on which to sustain Plaintiff's objection, the
16 Court also agrees with Plaintiff that because it is relying solely upon a theory of loss
17 of use, a theory accepted under California law, whether or not it lost revenue or
18 actually had to rent substitute property is not relevant. (ECF No. 39-1 at 3-5).
19 Defendant's reliance on cases from outside of California and applying the laws of
20 other states is misplaced. Interestingly, one of the cases cited by Defendant actually
21 supports Plaintiff's position. In *MCI v. Patriot Engineering & Environmental, Inc.*,
22 487 F.Supp.2d 1029 (S.D. Ill. 2007), the court found that value for loss of use of a
23 telecommunications cable is often measured by the reasonable rental value of the
24 property in the market area. *Id*. at 1035. The court ultimately found that the
25 measure used, which included a one-time fee for a yearly rental, was unreasonable.
26 *Id*. at 1041.

27   Defendant also claims that Plaintiff did not live up to its agreement to produce
28 the SLAs for the 39 customers identified as having lost service. Defendant asserts

that only 31 were produced. Plaintiff claims that it produced 38 redacted SLAs and could not locate one after a diligent effort. This is sufficient.

## Conclusion

For the foregoing reasons, Plaintiff's objections to RFP No. 5 are sustained. Plaintiff need not respond further.

DATED: July 16, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge