UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br>v.<br><br>LIDCO IMPERIAL VALLEY, INC.<br><br>        Defendant. | Case No. 3:11-cv-1258-GPC-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF NO. 59]** |

**INTRODUCTION**

Before the Court is Defendant's Motion for Reconsideration. (ECF No. 59.) Plaintiff filed an opposition to the Motion, (ECF No. 61), and Defendant has filed a reply, (ECF No. 62). After considering the record in this matter and the parties' submissions, and for the reasons that follow, the Court **DENIES** Defendant's Motion.

**BACKGROUND**[1]

**I.     Facts**

This lawsuit arises out of damage to Plaintiff's underground fiberoptic cable line caused by Defendant's excavation activities.

On October 6, 2000, Plaintiff entered into an "Easement Agreement with Temporary Work Space" (the "Easement Agreement") with T. J. La Brucherie, Mary K. La Brucherie, and La Brucherie

---

[1] Taken and adapted from Judge Moskowitz' October 11, 2012 Order, (ECF No. 56).

Ranch, Inc., a California Corporation (collectively, "LBR"), pursuant to which LBR granted Plaintiff:

> a right of way and easement for (1) a one time right to construct and install a fiber optic system and (2) a perpetual right to operate, maintain, inspect, alter, upgrade, replace and remove such underground communications system ("System") as the Grantee may, from time to time, require, consisting of underground cables, wires, conduits, drains, and other underground facilities and equipment for similar uses, through, under and along a parcel of land ten feet (10') in width ("Easement") . . . together with:
>
> > (A) the right of ingress and egress over and across any adjacent real property owned or controlled by Grantor and the Easement and Temporary Work Space for the purpose of exercising the rights granted herein provided that such ingress and egress does not interfere with the Grantor's improvements or uses;
> >
> > (B) the right to clear and keep cleared all trees, roots, brush and other obstructions from the surface and sub-surface of the Easement, and during construction or maintenance periods, to use additional areas adjacent to the Easement for ingress and egress.

(ECF No. 42-1, Pl.'s Stmt. Undisp. Facts, Ex. 1.) In or around late 2000-early 2001, Plaintiff installed 12 underground conduits and a fiberoptic telecommunications cable pursuant to the Easement Agreement.

On July 1, 2008, Defendant was excavating across the easement to install a drainage line for LBR. While excavating, Defendant damaged the conduits and severed the fiberoptic cable. Defendant did not have consent or permission from Plaintiff to excavate the easement or to contact the conduits or cable.

**II.     Procedural History**

Defendant filed its answer on July 19, 2011, and did not serve and file a request for a jury trial within the next fourteen days. Nearly a year later, on June 22, 2012, Defendant filed a motion for a jury trial, pursuant to Rule 39(b). In support of its Motion for Jury Trial, Defendant claimed that unexpected issues of fact arose during the discovery period in this case:

> Specifically, issues of fact arose regarding whether [Defendant] knew or reasonably should have known of the presence of [Plaintiff's] cable before conducting the excavation, whether the cable is located within an easement on the private property or in a public right-of-way, whether [Defendant] was [LBR's] agent so as to preclude suit under the terms of the easement, and whether Level 3 properly maintained their warning signs.

(ECF No. 34-1, Def. Br. at 3; ECF No. 34-2, Vrevich Decl. ¶ 15.)

Judge Moskowitz concluded Defendant waived its right to a jury trial, finding Defendant's

decision to waive a jury trial was deliberate and therefore a result of nothing beyond mere inadvertence.[2] Judge Moskowitz specifically found the issues of fact set forth by Defendant in support of its Motion for Jury Trial "were all known or knowable at the time Defendant filed its answer," including "whether [Defendant] knew or reasonably should have known of the presence of [Plaintiff's] cable" and "whether [Plaintiff] properly maintained [its] warning signs." (ECF No. 56 at 10.)

In the same order, Judge Moskowitz denied Plaintiff's Motion for Partial Summary Judgment, concluding Plaintiff was not entitled to summary judgment on its claims for trespass. In so ruling, Judge Moskowitz also concluded the record, at that time, did not support a finding that Defendant was LBR's agent and therefore Defendant could not benefit from the release provision found in the Easement Agreement.[3]

In the instant Motion for Reconsideration, Plaintiff argues this Court should reconsider (1) Judge Moskowitz' denial of Plaintiff's Motion for Jury Trial and (2) Judge Moskowitz' conclusion that Defendant was not acting as LBR's agent.

## DISCUSSION

### I. Legal Standard

Under Federal Rules of Civil Procedure 54(b), the district courts have the inherent authority to reconsider interlocutory rulings at their discretion until a final judgment is entered. See United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). The federal rules, however, do not set forth any standard for reconsideration of interlocutory orders, but only provide that they are "subject to

---

[2] In so finding, Judge Moskowitz cited to the Vrevich Declaration, filed in support of Defendant's Motion for a Jury Trial: "Lidco did not file a jury demand because liability was not believed to be an issue at that time as there was no question that [Defendant] severed the cable. The issue in the case appeared to be primarily one of law, the measure of [Plaintiff's] damages." (ECF No. 34-2, Vrevich Decl. ¶ 11.)

[3] The Easement Agreement provides:

> Grantee agrees to release . . . Grantor against any and all claims . . . arising . . . because of . . . damages to property, including the System, resulting from any act or omission of Grantor, its employees, contractors, subcontractors, or agents in the use of Grantor's Property for any purpose . . . , unless the injury or damage is caused by wilful misconduct of Grantor, its employees, contractors, subcontractors or agents. . . .
>
> The covenants, terms, conditions and provisions [herein] shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors, assigns, lessees and agents of the parties hereto.

revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b).

A number of judicial doctrines have evolved to guide courts when reviewing interlocutory orders. The "law of the case" doctrine, in addition to public policy, dictates that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Thus, most courts adhere to a fairly narrow standard by which to reconsider their interlocutory opinions and orders. This standard requires that the party show: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. Pauite Tribe, 882 F.2d at 369 n.5; Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (citations omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).

**II.    Analysis**

   **A.    Jury Trial**

Defendant argues new facts arose following the denial of Plaintiff's Motion for Partial Summary Judgment. Defendant, however, provides no new facts. Instead, Defendant asserts that "[t]he denial of [Plaintiff]'s Motion for Summary Judgment on trespass changed the issues in the case to negligence only," and Defendant asserts "[r]easonableness is normally an issue of fact for a jury." Defendant then argues that "unusual circumstances exist justifying relief," in that Plaintiff "withheld pertinent liability documents for months."

In opposition, Plaintiff first argues Defendant's Motion for Reconsideration is untimely, as Civil Local Rule 7.1 requires such motions to be filed within twenty-eight days after entry of the order sought to be reconsidered, and Defendant's Motion for Reconsideration comes five days too late. Plaintiff then notes that its trespass claims remain, as Judge Moskowitz merely denied summary judgment on those claims; he did not strike or dismiss those claims. Plaintiff asserts that, in any event, Judge Moskowitz order is not a new fact. Plaintiff goes on to argue that Plaintiff presented the same

arguments in its Motion for Jury Trial and that Judge Moskowitz considered them and still concluded that Defendant's waiver of a jury trial was nothing more than mere inadvertence.

In reply, Defendant argues its Motion for Reconsideration is timely because Civil Local Rule 7.1 is subject to the "reasonable time" limits set forth in Federal Rules of Civil Procedure 59 and 60, and Defendant filed its Motion for Reconsideration within a reasonable time given the uncertainty surrounding the order transferring this case from Judge Moskowitz' court to this Court. Defendant again argues that "new facts reshape Defendant's potential liability," but again fails to articulate any new facts. Defendant then argues that Plaintiff's withholding of the Easement Agreement for nearly a year precluded Defendant from analyzing and identifying issues of liability.

Here, regardless of whether Defendant's Motion for Reconsideration is timely, the Court agrees with Plaintiff that Defendant has failed to articulate any new facts that would warrant reconsideration of Judge Moskowitz's Order Denying Defendant's Motion for Jury Trial. Judge Moskowitz's Order Denying Plaintiff's Motion for Partial Summary Judgment rested on conclusions of law. And while Judge Moskowitz's order may have affected the issues to be tried, the order itself is not a "new fact" for purposes of deciding a motion for reconsideration. Neither is the delayed production of the Easement Agreement a reason for reconsideration. As Judge Moskowitz observed, issues related to liability were "known or knowable to Defendant at the time it served its answer." Accordingly, Defendant's Motion for Reconsideration is **DENIED** as to Defendant's Motion for Jury Trial.

In the alternative, Defendant requests an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). Plaintiff opposes this request, arguing that Rule 39(c) applies only to actions that are not triable to a jury as a matter of right, as is the case here. Defendant offers no argument in reply.

Rule 39(c) provides that "In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury . . . ." Thus, where an action is one triable of right, Rule 39(c) does not apply. Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., Inc., 195 F.3d 368, 374 (8th Cir. 1999). As such, regardless of Defendant's waiver, because the present action is one triable of right, Rule 39(c) does not apply. Accordingly, Defendant's alternative request for an advisory jury is **DENIED**.

///

**B.     Agency**

Defendant argues Judge Moskowitz "made a clear error of law in determining the agency issue because [he] applied the improper standard." Defendant contends there is a "subtle distinction" when determining whether someone is an independent contractors versus an agent. Defendant argues that, in determining whether Defendant was acting as LBR's agent, Judge Moskowitz erroneously focused only on LBR's control over Defendant's activities. Defendant asserts that agency principles also required Judge Moskowitz to analyze whether Defendant had the authority to act on LBR's behalf. Defendant then lists various facts indicating it had authority to act on LBR's behalf. Defendant then asserts that, because the Easement Agreement is ambiguous as to who is covered by the release, this Court should consider parol evidence in the form of Tim La Brucherie's testimony that he believed Defendant was covered by the release. Defendant concludes by arguing that agency in this case should be decided by the trier of fact.

In response, Plaintiff argues the "law of the case" doctrine precludes this Court from reconsidering Judge Moskowitz's conclusion regarding agency. Plaintiff asserts that Defendant has merely rehashed the arguments Judge Moskowitz already considered when deciding Plaintiff's Motion for Partial Summary Judgment and that Defendant has offered no new facts or evidence to justify reconsideration. Plaintiff asserts that, under California law, an agency relationship requires the "essential characteristic of the right to control" and "the power to alter legal relationships between the principal and third parties." Plaintiff therefore argues that Judge Moskowitz did not clearly err in concluding Defendant was not LBR's agent because he found that LBR did not control the details of Defendant's work and that Defendant lacked the authority to enter into legal relations on behalf of LBR. Lastly, Plaintiff argues that Defendant should not be allowed to raise the issue of parol evidence for the first time in its Motion for Reconsideration.

In reply, Defendant argues that Plaintiff misses the "subtle distinction" between independent contractors and agents. Defendant argues that, because it had the authority to enter LBR's property, allow third parties to enter LBR's property, obtain permits on LBR's behalf, send formal notifications of work to third parties, and obligate LBR to pay third parties, that it was acting as LBR's agent.

This Court concludes that Judge Moskowitz did not clearly err in concluding that Defendant

was not acting as LBR's agent as a matter of law. While it is possible that Defendant could alter LBR's legal relations with third parties, control is still missing from the equation. Indeed, Judge Moskowitz explicitly found that "LBR 'did not control the details of [Defendant's work.'" (ECF No. 56 at 4 (citing to ECF No. 42, Def.'s Opp. Br. at 11).) And "[i]n the absence of the essential characteristic of the right of control, there is no true agency." Korean Air Lines Co., Ltd. v. County of Los Angeles, 162 Cal. App. 4th 552, 562 (2008) (internal quotation omitted). Accordingly, this Court **DENIES** Defendant's Motion for Reconsideration as to Judge Moskowitz's conclusion that Defendant was not acting as LBR's agent.

## CONCLUSION

After a careful review of the record in this matter and the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 59), is **DENIED**. The hearing on Defendant's Motion for Reconsideration, currently set for February 1, 2013, is therefore **VACATED**. The pretrial conference set for the same day, however, remains on calendar.

DATED: January 30, 2013

HON. GONZALO P. CURIEL
United States District Judge